EDWIN ACKERMANN, Respondent, v. ALBERT C. HAUMUELLER, Admr. of HENRY HAUMUELLER, Deceased, Appellant.

St. Louis Court of Appeals. Argued and Submitted March 11, 1910. Opinion Filed May 3, 1910.

GUARDIAN AND WARD: Final Settlement: Conclusiveness: Collateral Attack. Where the claim of a ward for wages received while working for others and turned over to the guardian was not included in the final settlement of the guardian, the judgment approving the settlement must be attacked directly, and not collaterally, as by an action by the ward against the administrator of the deceased guardian.

Appeal from St. Louis City Circuit Court.—*Hon. Geo. H. Williams,* Judge.

REVERSED AND REMANDED (*with directions*).

*Warren D. Isenberg* for appellant.

*Alexander R. Russell* for respondent.

REYNOLDS, P. J.—The facts in this case as to the guardianship, settlement and discharge of the guardian are the same as in that of Elsie Ackermann against the same defendant, the difference, however, being that the claimant, a grandson of Henry Haumueller, presents for allowance against the estate of his grandfather, who was also his guardian, an account for wages received and earned by him while working for others, and which he had turned over to his grandfather while guardian. The same points made by counsel in the former case are made in this and the arguments are identical, the two cases being argued and submitted together. We have stated in the opinion filed in that case of Elsie Ackermann against this defendant, the law which we think also covers this case and by which these wages

turned over to the guardian, are held to be of the estate of the ward, and should have been taken up and accounted for as of the assets of the estate, as of the trust fund in the hands of Henry Haumueller as guardian, and as of the funds of the ward's estate and should have been included in the settlement made by the guardian. If it is true that they were not included in that settlement, the judgment approving it must be attacked directly and cannot be attacked collaterally, as is sought to be done here. For the reasons stated in the case of Elsie Ackermann against this same defendant, the judgment of the circuit court is reversed and the cause remanded to that court with directions to certify to the probate court a dismissal of the plaintiff's claim; this without prejudice to the right of the plaintiff to bring and prosecute any other action on that claim that he may deem advisable. All concur.